UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARIANA CHLOE DUPUY *on behalf*
*of* Carrero Vivas,

       Plaintiff,

                      Case No. 1:26-cv-056

v.

                      HON. ROBERT J. JONKER

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.,

       Defendants.

_____ /

## ORDER

Petitioner Ariana Chloe Dupuy—proceeding pro se—filed a habeas petition as a "next friend" on behalf of Stiben Carrero Vivas, who is detained by ICE in Baldwin, Michigan. (ECF No. 1). Dupuy alleges that Vivas rents a room from one of her siblings, and through that connection, she has come to care for Vivas "as a mother would." (ECF No. 1-10, PageID.42). However, even if that factual claim is true, Dupuy may not proceed as a next friend petitioner on Vivas's behalf without an attorney. Uniformly, courts have barred next friend petitioners from proceeding pro se in habeas cases. *See, e.g.*, *Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018); *Sheikh-Elmi v. Nw. Immigr. & Customs Enf't Processing Ctr.*, No. 2:25-CV-00850-JNW, 2025 WL 1397617, at *1-2 (W.D. Wash. May 13, 2025); *Abdul-Ali ex rel. Stevenson v. California*, No. CV 19-10726-ODW (PLA), 2019 WL 7284942, at *3 (C.D. Cal. Dec. 27, 2019); *Pinson v. Blanckensee*, 834 F. App'x 427, 428 (9th Cir. 2021); *Camp v. Harper*, No. CV 20-648, 2020 WL 3104026, at *1 (W.D. Pa. June 11, 2020). A person who wishes to qualify as "next friend" must retain legal counsel. *See Bush*, 732 F. App'x at 137; *Sheikh-Elmi*, 2025 WL 1397617, at *2. This

1

prohibition exists because the "next friend" exception does not replace the rule that "a non-attorney[] cannot represent others in court." *Pinson*, 834 F. App'x at 428; *Sheikh-Elmi*, 2025 WL 1397617, at *2; *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."). And it further "exists to protect the rights of the represented party." *Bush*, 732 F. App'x at 137.

Accordingly, Ariana Dupuy may not proceed on behalf of Stiben Vivas without an attorney. Her petition is therefore dismissed without prejudice.[1]

**ACCORDINGLY, IT IS SO ORDERED** that Ariana Dupuy's next friend habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.


Dated:    January 14, 2025                      /s/ Robert J. Jonker
                                               ROBERT J. JONKER
                                               UNITED STATES DISTRICT JUDGE

---

[1] At this time, the Court need not decide whether Ariana Dupuy meets the requirements for next friend status based on her relationship with Vivas. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). Even assuming she does, she cannot proceed without counsel.